UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STEVEN RIVERA,                                              *DKT#: 13-CIV-8942 (JGK)*

                                    Plaintiff,                          **COMPLAINT**

            - against -                                                 **JURY TRIAL DEMANDED**

                                                                       **ECF CASE**

CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT and
POLICE OFFICER JOSE SANTIAGO (shield 015912),
POLICE OFFICER DERRICK LAMBERT (shield 019011),
POLICE OFFICER "JOHN DOE" #1 through #10,
individually and in their official capacity.
 (the name "John Doe" being fictitious, or an alias,
as the true names are presently unknown),

                                    Defendants.
-------------------------------------------------------------------x
            Plaintiff, STEVEN RIVERA, by his attorney, Law Office of SOPHIA SOLOVYOVA,

PC, complaining of the defendants, respectfully sets forth and alleges that:

## INTRODUCTION

1.  Plaintiff brings this action for compensatory damages, punitive damages, and attorney's

fees pursuant to 42 U.S.C §§ 1983, 1985, and 1988, for violations of Plaintiff's civil rights under

the said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to the provisions of 42 USC 1983, 42

U.S.C § 1985(3) and the First, Fourth, Fifth, Eighth, and Fourteenth Amendment to the

Constitution of the United States.

3.   Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C § 1988 and 42 U.S.C § 2000, which authorize the award of attorney's fees and costs to the prevailing parties pursuant to 42 U.S.C § 1983.

4.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331, in that this is a civil suit arising under the Constitution of the United States.

5.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343(a), in that this action seeks to redress the deprivation, under color of state law, of rights secured to Plaintiff by the First, Eight and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

6.   Pendant jurisdiction of the Federal District Court is invoked with respect to the Plaintiff's claims under the state common law theory of malicious prosecution pursuant to 28 U.S.C § 1367.

## VENUE

7.   Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that Plaintiff resides within this District as well as the fact that this is the District in which the claim arose.

## CONDITIONS PRECEDENT

8.   That Notice of Plaintiff's claims, the nature of the claims and the date, time, place and the manner in which the claims arose was duly served upon the City of New York, on September 27, 2013.

9.   That Plaintiff submitted to a 50-H hearing as requested and conducted by defendants.

10.   That more than thirty days have elapsed since the Notice of claim has been served upon defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

11.    That this action was commenced within one year and ninety days after the causes of action arose.

## JURY DEMAND

12.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

13.    Plaintiff, STEVEN RIVERA, is a Hispanic male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

14.    Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

15.     The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

16.    That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER JOSE SANTIAGO (shield 015912), POLICE OFFICER DERRICK LAMBERT (shield 019011), and POLICE OFFICER "JOHN DOE" #1 through #10 were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

17.    That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

18.    That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by

3

defendant, City of New York.

19.    Upon information and belief, Defendant Police Officer John Doe #1 through 10, a natural

person, was an employee of Defendant City and is being sued individually and in his or her

official capacity.

## FACTUAL ALLEGATIONS

20.    On or about January 9, 2013, at approximately 3:30 PM, Steven Rivera, the plaintiff in

this case, was arrested at the intersection of Morris Avenue and 167th Street in Bronx County,

New York. Police Officer Jose Santiago, Shield 015912, Police Officer Derrick D. Lambert,

shield # 019011, and one (1) other police officer, all from the 44th Precinct, performed the arrest.

21.    The arresting police officers were in uniform and were driving an unmarked police

vehicle.  Upon stopping Mr. Rivera's car, the officers ordered Mr. Rivera to open the door of the

car, forced Mr. Rivera out of the car and immediately handcuffed and searched him.  To Mr.

Rivera's question "What is going on?" the officers responded that they had been looking for Mr.

Rivera.

22.    Mr. Rivera was surprised to hear that the police officers had been looking for him

because between December 6, 2012 and January 9, 2013, the said police officers had stopped and

frisked him on numerous occasions.

23.    In fact, since 2010, the same three police officers (PO Santiago, PO Lambert, and the

third police officer) had been patrolling the neighborhood around 185 McClellan Avenue where

Mr. Rivera grew up.

24.    The said officers have been "stopping and frisking" Mr. Rivera from about 2010 to

January 9, 2013 on a weekly basis.  The officers routinely detained Mr. Rivera, patted him down,

pushed him against a wall, grabbed his genitals, and ordered him to take off his shoes without any

4

reasonable suspicion and often in view of his family, friends, and neighbors.

25.    Whenever Mr. Rivera asked why he was being stopped, the police officers told him that he "should not worry about it" or that they "are watching him." These nearly weekly stops did not lead to a recovery of either "buy" money or controlled substance.

26.    On the day of Mr. Rivera's arrest on January 9, 2013, no Miranda warnings were issued to Mr. Rivera at any time.  Mr. Rivera was placed in the back of the police vehicle and kept in handcuffs for 2 hours while the police continued to patrol the neighborhood.  Mr. Rivera experienced pain and discomfort, as well as mental anguish, as a result of being handcuffed.

27.    After about two hours, Mr. Rivera was taken to the 44th precinct, where he was charged with Criminal Sale of a Controlled Substance in the 3rd degree, a felony (NYPL §220.39(1)) and Criminal Possession of a Controlled Substance in the 7th degree, NYPL §220.03 (two counts).

28.    The criminal information alleged that the plaintiff had committed offenses on two separate occasions, as follows:

1.    On or about December 6, 2012, at approximately 6:35pm, in front of 1175 Morris Avenue in the County of Bronx, Police Officer Derrick D. Lambert observed the plaintiff handing separately apprehended Kareem Hogan small objects in exchange for a sum of U.S. currency.  Further, PO Lambert observed that separately apprehended Kareem Hogan (arrest# B12688029) had on his person, in between the cheeks of his buttocks, thirty-eight (38) bags of crack cocaine.

2.    On or about January 9, 2013 at approximately 3:25 pm at southeast corner of Morris Avenue and East 167th Street in the County of Bronx, PO Lambert observed plaintiff to have inside the center console of the vehicle in which he was driving one (1) bag containing crack cocaine.

29.    Incidentally, while the plaintiff was charged with selling a controlled substance to Kareem Hogan on December 6, 2012, according to the New York City Police Department arrest report, Kareem Hogan was charged with PL 220.16.01 (Criminal Possession of a narcotic drug with intent to sell) presumably for intending to sell same narcotics to the plaintiff on the

December 6, 2012.

30.   PO Lambert improperly and inaccurately identified the plaintiff as the individual who allegedly sold crack cocaine to separately apprehended Kareem Hogan on December 6, 2012, over a month prior to plaintiff's arrest. The plaintiff did not know the individual named Kareem Hogan.

31.   The police claimed that on January 9, 2013 they recovered one bag of crack cocaine inside the center console of Mr. Rivera's vehicle during the search they conducted at the precinct. However, the police never submitted the allegedly recovered substance for lab analysis.  The police report contains only a voucher for a controlled substance recovered on December 6, 2013 from a separately apprehended defendant, Mr. Kareem Hogan.

32.   Mr. Rivera was incarcerated for over one and a half (1½) months. He was eventually released when his family posted $5,000 bond.  Mr. Rivera suffered mental anguish as a result of being confined without a reasonable cause.

33.   The plaintiff was not involved in any drug transactions whatsoever on December 6, 2012 and on January 9, 2013.

34.   PO Lambert's inaccurate identification of the plaintiff, and his subsequent arrest and prosecution by officers Santiago, Lambert, and another officer were without probable cause and conducted with malice.

35.   In addition, PO Santiago, Lambert and the third officer searched the plaintiff's vehicle without a warrant.

36.   The plaintiff was subject to criminal prosecution in Bronx County Criminal Court (Docket# 2013BX001800) from January 9, 2013 to July 1, 2013.  On or about July 1, 2013, the plaintiff's case was dismissed and sealed.

37.    As a result of the foregoing, the Plaintiff sustained inter alia, pain, suffering, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his residence, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 USC 1983

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "37" with the same force and effect as if fully set forth herein.

39.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

40.    All of the aforementioned acts deprived plaintiff STEVEN RIVERA of rights, privileges and immunities guaranteed to citizens of the Untied states by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the Untied States of America and in violation of 42 U.S.C. 1983.

41.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

42.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York Police Department, all under the supervision of ranking offers of said department.

43.     Defendants collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. 1983

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "43" with the same force and effect as if fully set forth herein.

45.     As a result of defendants' aforementioned conduct, the Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

46.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 USC 1983

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "46" with the same force and effect as if fully set forth herein.

48.     Defendants were directly involved in the initiation and continuation of criminal proceedings against STEVEN RIVERA.

49.     Defendants lacked probable cause to initiate and continue criminal proceedings against STEVEN RIVERA.

50.     Defendants acted with malice in initiating and continuing criminal proceedings against STEVEN RIVERA.

51.     Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in STEVEN RIVERA's favor when all criminal charges against him were dismissed.

52.     As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "52" with the same force and effect as if fully set forth herein.

54.     Defendants issued legal process to detain Plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

55.     Defendants' actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

56.     Defendants acted with intent to do harm to STEVEN RIVERA without excuse or justification.

57.     As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

**FIFTH CLAIM FOR RELIEF**
**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 USC 1985**

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "57" with the same force and effect as if fully set forth herein.

59.     Each and all of Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. 1985, for which the defendants are individually liable.

**SIXTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 USC 1983**

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "59" with the same force and effect as if fully set forth herein.

61.     Defendants, including CITY OF NEW YORK, POLICE OFFICER JOSE SANTIAGO (shield 015912), POLICE OFFICER DERRICK LAMBERT (shield 019011), and POLICE OFFICER "JOHN DOE" #1 through #10, subjected Plaintiff to a false arrest and malicious prosecution.

62.     The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority

attendant thereto and pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York, under the supervision of ranking officers of the New York City Police Department.

63.    The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, including but are not limited to the following unconstitutional practices:

        (a)  Failing to properly train, in general;

        (b)  Failing to supervise police officers;

        (c)  Subjecting persons to violations of their constitutionally protected rights;

        (d)  Subjecting persons to false arrest;

        (e)  Subjecting persons to malicious prosecution.

64.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

65.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights, for which the City of New York is liable.

**PENDANT STATE CLAIMS**

**FIRST CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER NEW YORK STATE COMMON LAW**

66.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "65" with the same force and effect as if fully set forth herein.

67.     Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against STEVEN RIVERA.

68.     Defendants lacked probable cause to initiate and to continue criminal proceedings against STEVEN RIVERA.

69.     Defendants acted with malice in initiating and continuing criminal proceedings against STEVEN RIVERA.

70.     Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in STEVEN RIVERA's favor when all criminal charges against him were dismissed.

71.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. That Defendants had a duty to Plaintiff to refrain from subjecting him to malicious prosecution.

74. That the Defendants breached that duty when they subjected Plaintiff to malicious prosecution.

75. The Plaintiff's injuries were proximately related to the actions of the Defendants.

76. That the foregoing injuries sustained by the Plaintiff were caused solely by reason of the

carelessness, negligence, wanton and willful disregard on the part of the Defendants and without

any negligence on the part of the Plaintiff, contributing thereto.

**THIRD CLAIM FOR RELIEF**
**NEGLIGENT SUPERVISION**

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendant CITY OF NEW YORK is required to supervise its various agents, servants,

and employees, employed by the Defendant CITY OF NEW YORK.

79. That CITY OF NEW YORK created an unreasonable risk of harm to Plaintiff by failing

to adequately supervise, control or otherwise monitor the activities of its employees, servants,

and/or agents, including POLICE OFFICER JOSE SANTIAGO (shield 015912), POLICE

OFFICER DERRICK LAMBERT (shield 019011), and P.O. "JOHN DOE" #1-10.

80. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent

supervision; and, the Plaintiff is entitled to recover against defendants for his injuries, damages

and losses caused by defendant, CITY OF NEW YORK.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENT TRAINING**

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

Defendant CITY OF NEW YORK is required to adequately train its various agents, servants, and

employees, including POLICE OFFICER JOSE SANTIAGO (shield 015912), POLICE

OFFICER DERRICK LAMBERT (shield 019011), and P.O. "JOHN DOE" #1-10.

Defendant CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to

adequately train its various agents, servants, and employees, including POLICE OFFICER JOSE

SANTIAGO (shield 015912), POLICE OFFICER DERRICK LAMBERT (shield 019011), and P.O. "JOHN DOE" #1-10.

82. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent training; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant.

**FIFTH CLAIM FOR RELIEF**
**VICARIOUS LIABILITY and RESPONDEAT SUPERIOR**

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein. That the corporate defendant, CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including POLICE OFFICER JOSE SANTIAGO (shield 015912), POLICE OFFICER DERRICK LAMBERT (shield 019011), and P.O. "JOHN DOE" #1-10, under the legal theories of "Vicarious Liability" and "Respondeat Superior".

**DAMAGES AND RELIEF REQUESTED**

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "83" with the same force and effect as if fully set forth herein.

85.     All of the foregoing acts by defendants deprived STEVEN RIVERA of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from unwarranted and malicious criminal prosecution;

D. To receive equal protection under the law.

86.    By reason of the aforesaid conduct by defendants, Plaintiff is entitled to the sum of three hundred thousand dollars ($300,000) in compensatory, punitive damages, plus attorney's fees pursuant to 42 U.S.C. 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

87.    **WHEREFORE**, Plaintiff demands judgment against the Defendants pursuant to the federal causes of action above, in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in compensatory damages, and THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

88.    **WHEREFORE**, plaintiff demands judgment against the Defendants, pursuant to the state law causes of action above, in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in compensatory damages, and THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in punitive damages, together with the costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

Dated:  New York, NY
            December 16, 2013

By:    __s/Sophia Solovyova_____
        Sophia Solovyova, Esq.
        *Attorney(s) for the Plaintiff*
        65 Broadway, Suite 734
        New York, NY 10006
        (917) 279-0134